**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KRIS P. CARMESIS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   3:18-cv-02538 |
| GC SERVICES LIMITED PARTNERSHIP, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes KRIS P. CARMESIS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GC SERVICES LIMITED PARTNERSHIP ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts as Plaintiff's federal question claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over the age of 18 and a natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant boasts, "GC Services is the largest private collection agency in the United States, with domestic ownership and extensive experience on third party collection programs."[1] Defendant is in the business of collecting consumer debts for others with C T Corporation System as its registered agent located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt arouse out of Plaintiff's purported past due payments on an Ashley Furniture Homestores credit card Plaintiff was issued by Synchrony Bank ("Synchrony").

10. Upon information and belief, Synchrony charged off the subject debt in early 2018.

11. At the time the subject debt was charged off by American Express, the total balance of the subject debt was $6,370.91.

---

[1] https://www.gcserv.com/accountsreceivablemanagement/thirdpartyreceivables.aspx

12. Upon information and belief, Defendant began collecting on the subject debt on September 6, 2018.

13. On or about September 10, 2018, Plaintiff received a collection letter in the mail from Defendant.

14. This was the first collection letter Plaintiff received from Defendant regarding the subject debt.

15. This letter represented the "Total Account Balance" on the subject debt as $6,370.91.

16. Thereafter, the letter contains a portion which reads:

> Because of interest, late charges, credits or charges that may vary from day to day, the amount due on the day you pay may differ.

17. Plaintiff was confused by Defendant's letter, as he was under the impression that interest, late charges, fees, and other costs could no longer be added to the subject debt.

18. Accordingly, Plaintiff became frustrated and confused over Defendant's wording and spoke with Sulaiman regarding his rights.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of the portion of its collection letter where it advised that its client may instruct Defendant to collect additional amounts above and beyond that which was outlined as the total due on the collection letter. The subject debt was charged off by Synchrony in early 2018 in the amount of $6,370.91. Thereafter, Synchrony stopped sending periodic statements concerning the debt, and thus ceased adding interest or other charges in connection with the subject debt. After months of the debt being charged off with no additional interest or other charges being added, Defendant began collecting upon the subject debt. Synchrony waived any of its purported rights to add interests and fees. However, Defendant misleadingly and deceptively included its language outlining the potential

that additional amounts may accrue in an attempt to instill an undue sense of urgency in Plaintiff to address the subject debt lest additional costs and fees be added.

28. Defendant violated 15 U.S.C. § 1692e, e(2), and e(10) when it deceptively represented the amount due on the subject debt. Although Defendant represented that the total outstanding balance of the subject debt was $6,370.91, it later cuts against this assertion by suggesting that the actual amount due may differ from that which was represented in the letter. Such representations are deceptive and contradictory, and fail to provide Plaintiff a clear indication of what the total balance due on the subject debt would be at the time he would make payment.

29. Additionally, Defendant violated 15 U.S.C. § 1692e, e(5), and e(10) when it threatened to add additional amounts above and beyond the total balance due as represented in the letter. Defendant's collection letter makes a clear threat that "credits or charges" may be collected from Plaintiff at a later date. Such a statement is an implicit threat to tack on additional charges, when no such charges could lawfully be added.

   **b.  Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

32. Defendant violated § 1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the letter. Because Defendant and its client were precluded from adding these fees, the suggestion that it could collect these amounts is a violation of the above referenced portions of the FDCPA. Further, even if

Defendant for some reason was not precluded, it was unfair for Defendant to threaten the addition of fees as it did not intend to tack on any additional fees in connection with the matter.

33. As pled in paragraphs 18 – 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KRIS P. CARMESIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the above referenced portions of the TDCA through the misrepresentations as to its ability to add additional amounts on the subject debt. As outlined above, Defendant and its client were precluded from adding any additional amounts, demonstrating the falsity of Defendant's representations as to the character of the subject debt.

WHEREFORE, Plaintiff, KRIS P. CARMESIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 24, 2018

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

Lombard, Illinois 60148  
(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

Lombard, Illinois 60148  
(630) 581-5858 (phone)  
(630) 575-8188 (fax)  
thatz@sulaimanlaw.com